L. W. & P. ARMSTRONG ET AL., Complainant,

*v.*

ISABEL LOPEZ CRUZ ET AL., Dfts.

IN THE MATTER OF SOBRINOS DE EZQUIAGA Interveners.

Ponce, Equity, No. 1092.

Opinion filed February 23, 1923.

*Jaime Sifre, Esq.,* attorney for plaintiffs.

*O. B. Frazer, Esq.,* attorney for minor defendants.

*Mr. F. H. Dexter,* attorney for Sobrinos de Ezquiaga.

ODLIN, Judge, delivered the following opinion:

There has been presented to me this day at Ponce a draft of a final decree of foreclosure of the mortgage executed by the defendants to the Sobrinos de Ezquiaga. The proof is clear that the sum of $75,000 was originally loaned by the Sobrinos de Ezquiaga to the wife and children of the deceased Enrique Bird Arias, of which the sum of $25,000 was paid on April 30, 1921, and that there is, therefore, due and unpaid the sum of $50,000, with interest at the rate of 8 per cent upon $75,-000 from December 27, 1920 to April 30, 1921; also interest at the same rate of 8 per cent per annum upon the sum of $50,000 from April 30, 1921 until the same shall be paid.

The formal request is made at this time by counsel for the mortgagees that a demand for payment be made within ten days from this date, and that if such payment be not made, then the sale of the mortgaged property shall be conducted by the marshal of this court, after giving not less than four week's

public notice thereof. Were I to sign this decree it would mean that the sale would take place, in all probability, during the early part of April, 1923. The property is now in the hands of a receiver, named by this court, and I am satisfied that it would be unwise and unfair to the defendants and to the other creditors of the deceased Enrique Bird Arias if the property covered by this mortgage should be sold as early as April, 1923, separately and entirely distinct from the other property in the hands of the receiver, upon which the Sobrinos de Ezquiaga hold no lien. This court believes that in the operation of these receiverships, the rule of equity should prevail, which requires the chancellor to direct the receiver to remain in control of all property involved in the case until such time as the court becomes satisfied that a sale should be made under conditions which will produce the maximum sum possible for all the interested parties. Under the conditions as they exist to-day, and as reported to me by the receiver, the sale of the property covered by the mortgage held by Sobrinos de Ezquiaga, would, at this time, bring no or few bidders, in all probability, although, under normal conditions, the value of the property is largely in excess of the $50,000, interest and costs, which the Sobrinos de Ezquiaga are entitled to receive. I am also informed by the receiver that in his opinion if this sale shall be delayed until later in the present year, all of the property in the hands of the receiver may be sold for a sum which will yield much more than if the properties were to be sold at separate times and in separate parcels. In other words, if this court were to comply with the present request, submitted by Sobrinos de Ezquiaga, it is apparent that they alone would be benefited and all the other parties to this

litigation would be injured. It is also to be noted that five of the heirs of the said Enrique Bird Arias, deceased, are minors, and it is the duty of the court of equity to protect, with a special care and consideration, the rights of minor heirs. A copy of the draft for the decree has been submitted to counsel for these five minor defendants, but the said counsel has not consented to the signing of such decree, and for the reasons above set forth, I am not prepared at this time to fix a date for the sale of the property.

I, therefore, allow the form of decree to be filed by the clerk, but without my signature, this order and opinion to be attached thereto, the right being reserved to counsel for Sobrinos de Ezquiaga to present this matter to me again on June 1, 1923, at San Juan. I can then determine whether the conditions are such as to authorize me to direct a sale of all or part of the property involved in this litigation.

To this ruling counsel for Sobrinos de Ezquiaga excepts.

Done and ordered in open court, at Ponce, Porto Rico, February 23, 1923.